IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MITCHELL BENGTSON and
GEOFFREY BENGTSON,

ORDER

            Plaintiffs,

09-cv-154-slc[1]

      v.

CITY OF GLENWOOD,
KIM MOE,
ROBERT DARWIN and
MIKE'S TOWING,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiffs Mitchell and Geoffrey Bengtson filed this action in the Circuit Court for St.

Croix County, Wisconsin. On March 17, 2009, plaintiff Mitchell Bengtson, who is acting

pro se, removed it to this court and asked for leave to proceed without prepayment of fees

---

      [1]   While this court has a judicial vacancy, it is assigning 50% of its caseload
automatically to Magistrate Judge Stephen Crocker. However, the magistrate judge cannot
decide dispositive issues in an action unless the parties give their consent for the magistrate
judge to preside over all aspects of their case. At this early date, consents to the magistrate
judge's jurisdiction have not been filed by all the parties to this action. Therefore, for the
purpose of issuing this order, I am assuming jurisdiction over the case.

1

and costs or providing security for such fees and costs, pursuant to 28 U.S.C. § 1915. Plaintiff's motion for leave to proceed will be denied at the outset because he may not remove this case to federal court under 28 U.S.C. § 1441.

Pursuant to 28 U.S.C. § 1446(c)(4), a district court is to examine a notice of removal to determine whether it appears from its face and any attached exhibits that an order for summary remand must be issued.  In determining whether removal is proper under 28 U.S.C. § 1441, a district court must construe the removal statute narrowly and resolve any doubts regarding subject matter jurisdiction in favor of remand.  Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993); Illinois v. Kerr-McGee Chemical Corp., 677 F.2d 571, 576 (7th Cir. 1982).

Section 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by *the defendant or the defendants,* to the district court of the United States for the district and division embracing the place where such action is pending." (Emphasis added).  Plaintiff Mitchell Bengtson is one of the two plaintiffs in the state small claims case filed in St. Croix County.  Because he is not a defendant in the state case that he is seeking to remove, he may not remove this case to federal court.  Further, because plaintiffs' underlying claims are state law disputes, it appears that there is no federal question or diversity of parties that would warrant federal jurisdiction.  Therefore, it is unclear whether this court would have subject

2

matter jurisdiction over these claims without subject matter jurisdiction, it could not entertain the case.  I must deny plaintiff's motion for leave to proceed in forma pauperis and remand this case to the Circuit Court of St. Croix County.


ORDER

IT IS ORDERED that plaintiff Mitchell Bengtson's motion for leave to proceed in forma pauperis is DENIED and this case is REMANDED to the Circuit Court for St. Croix County, Wisconsin as improperly removed.  The clerk of court is ordered to close this case.

Entered this 24th day of March, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3